# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re: CAPABILITY RANCH, LLC,<br><br>Debtor/Appellant. | 2:13-CV-1812 JCM<br><br>Bankruptcy Case No. 12-21121-LED<br>Chapter 11 |

**ORDER**

Presently before the court is the matter of *Capability Ranch v. Gordon Silver*, case no. 2:13-cv-1812-JCM. On October 3, 2013, Capability Ranch filed a motion for leave to appeal the bankruptcy court's order approving Gordon Silver's fee application in bankruptcy case no. 12-21121-led. (Doc. # 3). Capability Ranch then filed a motion to shorten time regarding its motion for leave. (Doc. # 4). This court denied both motions, finding the bankruptcy court's order approving fees was final and appealable under 28 U.S.C. § 158(a)(1). (Doc. # 15).

Capability Ranch has now filed a motion to stay the bankruptcy court's order approving Gordon Silver's fee application pending an appeal to this court. (Doc. # 7). Gordon Silver has filed a response (doc. # 16) and Capability Ranch has filed a reply (doc. #18). Capability Ranch has also filed a motion to shorten time regarding its motion to stay. (Doc. # 12).

**I. Background**

This is an appeal of the bankruptcy court's order granting the law firm Gordon Silver $99,846.50 in fees and $2,420.52 in costs for its representation of Capability Ranch in the underlying

**James C. Mahan**
**U.S. District Judge**

Chapter 11 case.

On September 27, 2013, Capability Ranch filed a Chapter 11 petition for relief in the bankruptcy court and retained the law firm of Gordon Silver. On May 7, 2013, Gordon Silver filed its first interim application for fees, which was granted on June 13, 2013.

On July 29, 2013, Capability Ranch notified Gordon Silver that it was retaining new counsel and that Gordon Silver was terminated. On August 2, 2013, Gordon Silver filed its second and final fee application. This is the fee application at issue here.

Capability Ranch opposed the second application, arguing that the fees were excessive and duplicative. The issue was briefed and a hearing was held by the bankruptcy court on September 3, 2013. At the hearing, Capability Ranch requested a continuance so that it could supplement its objections to the fee application. That request was granted and the hearing was continued to September 10, 2013.

On September 17, 2013, the bankruptcy court entered an order approving Gordon Silver's second and final fee application.

On October 2, 2013, Capability Ranch filed a motion to stay pending appeal in the bankruptcy court. The bankruptcy court held a hearing and denied the motion to stay. Capability Ranch now asks this court to stay the bankruptcy court's order pending an appeal here.

**II. Legal Standard**

Under Federal Rule of Bankruptcy Procedure 8005, a district court "may suspend or order the continuation of other proceedings in the case under the [Bankruptcy] Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest." Fed. R. Bnkr. P. 8005. "Courts in the Ninth Circuit have construed this rule to incorporate essentially the same standards as applicable under FRCP 62©." *In re Fountainbleau Las Vegas Holdings, LLC,* 2:11-CV-00402-RLH, 2011 WL 1074125 (D. Nev. Mar. 18, 2011) (citing *In re Fullmer,* 323 B.R. 287, 292 (Bankr. D. Nev.2005)).

Courts consider four elements when determining if a stay pending appeal is appropriate: (1) the likelihood of success on the merits; (2) whether the appellant will suffer irreparable injury; (3)

**James C. Mahan**
**U.S. District Judge**

- 2 -

1. whether substantial harm will come to the appellee; and (4) whether the stay is in the public interest. *In re Fullmer*, 323 B.R. 287, 292-93 (Bankr. D. Nev. 2005). These four elements are the same as that for a preliminary injunction. *In re Fountainbleu*, 2011 WL 1074125 , *3. A party seeking a preliminary injunction must satisfy each of the four elements. *Id.* (citing *Stormans, Inc. v. Selecky,* 586 F.3d 1109, 1127 (9th Cir.2009)). Therefore, a failure to establish any individual element will preclude the court from granting a stay. *Id.* "In applying these factors, the court must remain mindful that a discretionary stay pending appeal is viewed as an extraordinary remedy." *In re Fountainbleu,* 2:11-CV-00402-RLH, 2011 WL 1074125, *2 (D. Nev. Mar. 18, 2011) (citing *In re Fullmer,* 323 B.R. at 293).

**III. Discussion**

When considering whether to issue a stay, the likelihood of success on the merits and the threat of irreparable harm "are the most critical" factors. *Lair v. Bullock*, 697 F.3d 1200, 1204 (9th Cir. 2012)(quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)). Accordingly, the court will examine both.

*A. Likelihood of success on the merits*

To receive a stay pending an appeal, the debtor must establish "that [it] has a substantial case for relief on the merits." *Leiva-Perez v. Holder*, 640 F.3d 962, 968 (9th Cir. 2011); *Lair*, 697 F.3d 1200. "It is not enough that the likelihood of success on the merits is 'better than negligible' or that there is a 'mere possibility of relief.'" *Lair,* 697 F.3d at 1204 (quoting *Nken*, 556 U.S. at 434).

A bankruptcy court's decision on attorney fees is reviewed for abuse of discretion. *See Hale v. U.S. Trustee*, 509 F.3d 1139 (9th Cir. 2007). Thus, the burden is on Capability Ranch to demonstrate that it is likely to prove the bankruptcy court abused its discretion in awarding the fee amount.

In support, Capability Ranch argues that the nature of the case was "relatively simple," that excessive time was spent preparing "boilerplate" briefs, and that the bankruptcy court should have held an evidentiary hearing to allow the parties to present arguments regarding an alleged mandatory fee arbitration agreement. (Doc. # 7, at 7-8). With respect to the complexity of the case and the time

**James C. Mahan**
**U.S. District Judge**

- 3 -

1. spent on it, the court finds Capability Ranch's broad, bare bones assertions are inadequate to satisfy its burden. With respect to the evidentiary hearing, the record demonstrates that the bankruptcy court permitted the parties to brief the issues, that it provided Capability Ranch with an opportunity to file objections to the fee application, and that it even granted a continuance so that Capability Ranch could supplement its objections. Thus, it is clear that the bankruptcy court considered the issue, found Capability Ranch's arguments to be unpersuasive, and did not find it necessary to hold a separate hearing on the matter. That decision can hardly be said to be an abuse of discretion.

In consideration of the highly deferential standard of review, the court concludes that Capability Ranch has not demonstrated it is likely to prove the bankruptcy court abused its discretion. Accordingly, the court finds Capability Ranch is not likely to succeed on the merits.

*B. Irreparable harm*

The party seeking the stay must demonstrate that they are likely to suffer irreparable harm if the stay is not granted. *In re Fullmer*, 323 B.R. 287, 292-93 (Bankr. D. Nev. 2005). Capability Ranch argues that "the attorney's fees awarded to Gordon Silver were so excessive, that to deny the stay and require payment without an appeal will force Capability Ranch to pay excessive, duplicative, and unsupported fees, which will irreparably injure Capability Ranch." (Doc. # 7 at 9). Simply put, the alleged harm is wholly monetary. While requiring Capability Ranch to pay the attorney's fees may have adverse consequences, Capability Ranch has the ability to recover those fees, or a portion thereof, in the event its appeal is successful. In other words, the harm is not irreparable, and the court concludes that Capability Ranch has failed to satisfy this prong.

**IV. Conclusion**

The court finds that Capability Ranch has not demonstrated that is likely to succeed on the merits. Likewise, Capability Ranch has not demonstrated that the type of harm it alleges it will suffer is irreparable and deserving of the "extraordinary remedy" that it seeks. *See In re Fountainbleu,* 2011 WL 1074125, *2. Because Capability Ranch has failed to demonstrate a likelihood of success on the merits or make a showing of the requisite irreparable harm, the court need not examine the remaining two factors. *See id.*

**James C. Mahan**
**U.S. District Judge**

- 4 -

1     Accordingly,

2     IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Capability Ranch's motion
3 to stay (doc. # 7) be, and the same hereby is, DENIED.

4     IT IS FURTHER ORDERED that Capability Ranch's motion to shorten time (doc. # 12) be,
5 and the same hereby is, DENIED as moot.

6     DATED November 15, 2013.

*/s/ James C. Mahan*
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**